IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. DNCW1:04CR77 |
| | ) | (Financial Litigation Unit) |
| | ) | |
| DANNY LEE WIKE, JR., | ) | |
| Defendant, | ) | |
| and | ) | |
| | ) | |
| MADISON CONSTRUCTION GROUP INC., | ) | |
| Garnishee. | ) | |

## ORDER OF CONTINUING GARNISHMENT

**THIS MATTER** is before the Court on the answer of Madison Construction Group Inc., as Garnishee. On June 17, 2005, the Honorable Lacy H. Thornburg sentenced Defendant to forty-one months of incarceration for his conviction of Bank robbery in violation of 18 U.S.C. §2113(a). Judgment in the criminal case was filed on July 13, 2005 (Docket No. 19). As part of that Judgment, Defendant was ordered to pay an assessment of $100 and restitution of $16,153.00 to the victims of the crime. *Id*.

On July 21, 2015, the Court entered a Writ of Continuing Garnishment ("Writ") (Docket No. 55), to Garnishee, Madison Construction Group Inc., ("Garnishee"). The United States is entitled to a wage garnishment of up to twenty-five percent of net income and has satisfied the prerequisites set forth in 15 U.S.C. §1673. Defendant was served with the Writ on August 22, 2015, and Garnishee was served on July 23, 2015. Garnishee filed an Answer on August 17, 2015 (Docket No. 59), stating that at the time of the service of the Writ, Garnishee had in their custody, control or possession property or funds owned by Defendant, including non-exempt, disposable

earnings. A hearing was held on the matter on August 31, 2015. Defendant failed to appear at the hearing and provided no evidence in support of his Motion for exemption.

IT IS THEREFORE ORDERED the Government's garnishment for Defendant Danny Lee Wike Jr. be imposed and Ordered to directly follow the satisfaction of the child support garnishment filed with the Gastonia County Court. Garnishee will pay the United States up to twenty-five percent of Defendant's net earnings which remain after all deductions required by law have been withheld and one hundred percent of all 1099 payments, and Garnishee will continue said payments until the debt to the Plaintiff is paid in full or until Garnishee no longer has custody, possession or control of any property belonging to Defendant or until further Order of this Court.

Payments should be made payable to the United States Clerk of Court and mailed to:

> Clerk of the United States District Court
> 401 West Trade Street
> Charlotte, NC 28202

In order to ensure that each payment is credited properly, the following should be included on each check: Court Number DNCW1:04CR77. Any funds the defendant receives as workers compensation benefits shall not be subject to garnishment and are exempt from such.

IT IS FURTHER ORDERED that Garnishee will advise this Court if Defendant's employment is terminated at any time by Garnishee or Defendant.

Plaintiff will submit this debt to the Treasury for inclusion in the Treasury Offset Program. Under this program, any federal payment Defendant would normally receive may be offset and applied to this debt.

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge